**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isiah Patterson, | No. CV-20-02068-PHX-JJT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court are Petitioner Isiah Patterson's motion to exceed the page limit for his reply brief and motion to file exhibits to the reply under seal. (Docs. 37, 39.) Respondents did not file a response to either motion. As set forth below, Patterson fails to meet his burden with respect to each request.

**A.     Motion to Exceed Page Limits**

Rule 3.5(b) of the Local Rules of Civil procedures establishes page limits for filings in capital habeas cases, including a 200-page limit for petitions and responses and a 100-page limit for reply briefs. LRCiv 3.5(b). The Court may grant leave to exceed the page limits if the "party demonstrates good cause for doing so." *Id.*

Patterson's reply brief, lodged pursuant to Rule 3.5(b), is 168 pages long.[1] (*See* Doc. 38.) Patterson has not shown good cause to exceed the page limit. He offers only the conclusory statement that the additional pages are necessary to "fully present all the

_____

[1] Local Rule 7.1(b)(1) provides that the "body of all documents shall be typed double spaced. . . ." The spacing in the reply brief appears to exceed that standard, contributing to the length of the document.

relevant facts of the case" and to make his legal arguments. (Doc. 37 at 2.) This is not the kind of "case specific" information that constitutes good cause. Every capital habeas case involves a large set of facts and complex legal issues. *See Burns v. Shinn*, No. CV-21-1173-PHX-SPL, 2022 WL 1747775, at *2 (D. Ariz. May 31, 2022) ("To suspend Rule 3.5(b)'s page limitation based on the duty to thoroughly raise claims—a duty that all death-row petitioners share—would annul the limitation.") (citing *Miller v. Shinn*, No. CV-21-00992-PHX-ROS (D. Ariz. March 31, 2022), Doc. 31 at 2)); *see also Williams v. Lumpkin*, 339 F.R.D. 383, 385 (N.D. Tex. 2021) (explaining that "good cause" for a page-extension under the local rules requires "some rational explanation for why such is necessary in this particular case" and that "some reasonable degree of specificity is required").

In addition, reply briefs are not to be "used to raise new claims or new material facts in support of existing claims." (Doc. 5 at 4.) The page limit for reply briefs reflects this principle and suggests that a reply should not exceed, as Patterson's lodged reply does, the length of the petition or response,[2] which are both subject to a limit of 200 pages. LRCiv 3.5(b).

Pursuant to Rule 3.5(b), therefore, Patterson is directed to file, within 14 days of the date of this order, a reply that complies with the District's page limit.

## B.   Motion to Seal Exhibits

Patterson seeks to file under seal five exhibits to his reply, arguing that "good cause" exists because the exhibits "contain sensitive and confidential information" about his "medical and mental health status." (Doc. 39 at 2.) The exhibits consist of expert reports and medical records. (*See* Doc. 40, Ex's A, C, D, F, and I.)

The public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). This right is based on "the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598). The right is not "absolute," however. *Nixon*, 435 U.S. at 598.

---

[2] The petition and response are 126 pages and 128 pages, respectively. (Docs. 17, 25.)

The policy of promoting access to judicial records, including pleadings, motions and responses, submitted evidence, and briefs, dictates that only information for which there is good cause or a compelling reason to seal should actually be sealed. *Kamakana*, 447 F.3d at 1180; *see also* LRCiv. 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal."). The "compelling reasons" standard applies to "records attached to a dispositive motion," *id.*, and therefore applies to Patterson's request to seal the exhibits to his reply.

"What constitutes a 'compelling reason' is 'best left to the sound discretion' of the trial court." *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599). The court should consider "all relevant factors," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), including the "public interest in understanding the judicial process" and whether disclosure could result in improper use of the material, *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990). Compelling reasons include (1) records that could be used to gratify private spite or promote public scandal; (2) records containing libelous statements; (3) business information that could be used to harm a litigant's competitive standing; and (4) the private information of a third party. *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). If a court decides to seal a document, it must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434. Any order sealing documents should be "narrowly tailored" to remove from public view only the material that is protected. *See Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 513 (1984).

Patterson does not attempt to meet his burden of demonstrating compelling reasons to seal the material in the exhibits. The information they contain is indistinguishable from the mental health and social history information set out in Patterson's habeas petition (*see* Doc. 17 at 60–97), and in his proposed reply brief Patterson cites and quotes extensively from the exhibits (*see* Doc. 38 at 90–91, 95–96, 127, 135, 140, 146). Given these circumstances, the public's interest in the information likely outweighs any possibility the

information could be used improperly. *See Reeves v. Shinn*, No. CV-21-01183-PHX-DWL, 2022 WL 17490556, at *2 (D. Ariz. Oct. 19, 2022). Nonetheless, the Court will allow Patterson an opportunity to argue that compelling reasons exist to keep portions of the exhibits sealed. *See id.*

Accordingly,

**IT IS HEREBY ORDERED** denying Patterson's motion to exceed the page limit for his reply brief. (Doc. 37.) Patterson shall file a reply that complies with the District's page limit within 14 days of the date of this order.

**IT IS FURTHER ORDERED denying without prejudice** Patterson's motion for leave to file under seal certain exhibits to his reply. (Doc. 39.) Within 14 days of the date of this order, Patterson may file a renewed motion to seal providing compelling reasons why the exhibits should be sealed.

Dated this 4th day of January, 2023.

Honorable John J. Tuchi
United States District Judge