WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isiah Patterson, | No. CV-20-02068-PHX-JJT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| Ryan Thornell, *et al.*, | |
| Respondents. | |

Pending before the Court is Petitioner Isiah Patterson's motion to stay this habeas proceeding and hold it in abeyance "for the purpose of returning to Arizona state court to raise a claim for relief under *Cruz v. Arizona*," 143 S. Ct. 650 (2023). (Doc. 46 at 1.) Respondents oppose the motion. (Doc. 49.) The motion will be denied.

**I.  Factual Background**

Patterson was convicted of first-degree murder and sentenced to death in 2009 for the murder of Consquelo Barker. The Arizona Supreme Court, in their opinion affirming the conviction and sentence, outlined the facts of the crime as follows:

> At approximately 1:30 a.m. on March 17, 2006, Patterson and Consquelo, his girlfriend, were in his Mesa apartment with their three-year-old son when they began fighting. A downstairs neighbor heard loud crashes and things rolling on the floor. After about ten minutes, the noises stopped. After another ten minutes or so had passed, Consquelo ran from the apartment, naked and screaming for help.
>
> Patterson chased Consquelo through the outdoor common areas of the apartment complex. He caught her at a sand volleyball pit, sat over her, and

>   stabbed her thirteen times in the face, torso, and arm. The wounds perforated her lungs, diaphragm and spleen, and fractured her arm. Patterson continued stabbing Consquelo until a neighbor, awakened by her screams, yelled for him to stop. Consquelo then stumbled from the volleyball pit, asking for help before collapsing beneath a bush, where she died. Patterson walked back toward his apartment, telling neighbors, "That's what happens when you try to turn a whore into a housewife."

*State v. Patterson*, 230 Ariz. 270, 272–73, 283 P.3d 1, 3–4 (2012) (footnote omitted).

After unsuccessfully pursuing post-conviction relief ("PCR") in state court, Patterson filed a statement of intent to pursue habeas corpus relief in this Court. (Doc. 1.) The Court appointed counsel and Patterson filed his habeas petition on September 20, 2021. (Doc. 17.) Briefing on the petition was complete with the filing of Patterson's reply on January 18, 2023. (Doc. 42.) On February 22, 2023, the United States Supreme Court issued its opinion in *Cruz*. 143 S. Ct. 650. Patterson filed the pending motion on March 13, 2023. (Doc. 46.)

**II.    Legal Background**

In *Simmons v. South Carolina*, 512 U.S. 154, 171 (1994), the United States Supreme Court held that when a capital defendant's future dangerousness is at issue, and the only sentencing alternative to death is life imprisonment without the possibility of parole, due process entitles the defendant to inform the jury of his parole ineligibility. The Court explained that the "State may not create a false dilemma by advancing generalized arguments regarding the defendant's future dangerousness while, at the same time, preventing the jury from learning that the defendant never will be released on parole." *Id.* at 171.

Until 2012, Arizona law permitted imposition of a parole-eligible life sentence for defendants convicted of first-degree murder. *See* A.R.S. § 13–703(A) (2000), renumbered as A.R.S. § 13–751(A). In 1994, however, Arizona had abolished parole for all felonies committed after 1993. A.R.S § 41–1604.09(I)(1). Therefore, "the only 'release' available to capital defendants convicted after 1993 was, and remains, executive clemency." *Cruz*, 143 S. Ct. at 655.

In *Lynch v. Arizona*, 578 U.S. 613 (2016), the Supreme Court applied *Simmons* to a capital sentencing in Arizona. Lynch was convicted of murder and other crimes. Before the penalty phase of his trial began, the state successfully moved to prevent his counsel from informing the jury that if he did not receive a death sentence he would be sentenced to life in prison without possibility of parole. *Id.* at 614. The jury sentenced him to death. *Id.* On appeal, Lynch argued that because the state had made his future dangerousness an issue, the jury should have been given a *Simmons* instruction stating that the only non-capital sentence he could receive was life imprisonment without parole. *Id.* The Arizona Supreme Court affirmed, holding that the failure to give the *Simmons* instruction was not error because Lynch could have received a life sentence that would have made him eligible for release after 25 years, even though any such release would have required executive clemency or legislative reform. *Id.* at 615.

The United States Supreme Court reversed. *Id.* The Court reiterated that under *Simmons* and its progeny, "where a capital defendant's future dangerousness is at issue, and the only sentencing alternative to death available to the jury is life imprisonment without possibility of parole," due process "entitles the defendant to inform the jury of [his] parole ineligibility, either by a jury instruction or in arguments by counsel." *Id.* at 613–14 (internal quotations omitted).

Finally, in *Cruz*, the defendant argued at trial and on appeal that under *Simmons* he should have been allowed to inform the jury that a life sentence in Arizona would be without parole. The trial court and the Arizona Supreme Court held that Arizona's capital sentencing scheme did not trigger application of *Simmons*. *State v. Cruz*, 218 Ariz. 149, 181 P.3d 196 (2008). After Cruz's conviction became final, the United States Supreme Court issued its holding in *Lynch*. Cruz then sought to raise the *Simmons* issue again in a PCR petition under Arizona Rule of Criminal Procedure 32.1(g), which permits a defendant to bring a successive petition if "there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence." The Arizona Supreme Court denied relief, concluding that *Lynch*

was not "a significant change in the law." *State v. Cruz*, 251 Ariz. 203, 487 P.3d 991 (2021). The United States Supreme Court disagreed, vacating and remanding the case. *Cruz*, 143 S. Ct. at 662. The Court found that *Lynch* "overruled binding Arizona precedent" and represented a "clear break from the past." *Id.* at 658–59.

## II.     Discussion

Patterson seeks a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), which authorizes a district court to stay a petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing the right to federal habeas review pursuant to the relevant one-year statute of limitations. *Rhines*, 544 U.S. at 273–77. Under *Rhines*, "a district court must stay a mixed petition"—that is, a petition containing both exhausted and unexhausted claims—"only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

A claim is exhausted if (1) the petitioner has fairly presented the federal claim to the highest state court with jurisdiction to consider it or (2) no state remedy remains available for the claim. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). The latter form of exhaustion is described as "technical exhaustion" through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In Arizona, Rule 32 of the Rules of Criminal Procedure provides that a petitioner is procedurally barred from relief on any constitutional claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.1(a); 32.2(a)(3). A petitioner generally may not return to state court to exhaust a claim unless it falls within the category of claims for which a successive PCR petition is permitted. *See* Ariz. R. Crim. P. 32.1(b)–(h), 32.2(a) & (b).

A *Rhines* stay would be inappropriate in a federal habeas case if the claims for which a petitioner seeks a stay are technically exhausted through procedural default. *See e.g.*,

*Armstrong v. Ryan*, No. CV-15-00358-TUC-RM, 2017 WL 1152820 (D. Ariz. March 28, 2017); *White v. Ryan*, No. CV-09-2167PHX-FJM-LOA, 2010 WL 1416054, *12 (D. Ariz. March 16, 2010) ("Because the Petition in this case contains claims that are either actually or technically exhausted, it is not a mixed Petition and *Rhines* does not apply.").

Patterson's petition is not mixed—it contains no unexhausted claims—so *Rhines* is inapplicable and he is not entitled to a stay. While Patterson argues that *Cruz* provides a pathway to exhaust a *Simmons* claim in state court, he did not raise such a claim in his habeas petition. Patterson cites no authority for the proposition that the court can issue a stay under *Rhines* to allow a petitioner to exhaust a claim he has not raised.

In his petition, Patterson raised a Sixth Amendment claim (Claim VI) alleging ineffective assistance based on trial counsel's failure to request a parole ineligibility instruction under *Simmons*. (*See* Doc. 17 at 97–101.) *Cruz* does not establish a mechanism for such a claim to be exhausted in state court.

If Patterson were to return to state court and attempt to exhaust this ineffective assistance claim, the claim would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)–(h). Therefore, Claim VI is "technically" exhausted but procedurally defaulted because Patterson no longer has an available state remedy. *Coleman*, 501 U.S. at 732, 735 n. 1.

Patterson counters by citing cases where courts in this district have granted stays pursuant to *Cruz*. (Doc. 50 at 3.) These cases are inapposite. In *Fitzgerald v. Thornell*, the court granted two unopposed stays of the briefing schedule, the first pending the United States Supreme Court's decision in *Cruz* and the second pending the Arizona Supreme Court's decision on remand. *Fitzgerald*, No. 19-CV-5219-PHX-MTL, Doc. 56 (D. Ariz. Oct. 5, 2022), Doc. 58 (March 10, 2023). Patterson argues that in *Fitzgerald* and other cases "[c]ourts have ruled that, regardless of a petitioner's failure to raise the [*Simmons*] issue, a stay must be granted to allow for exhaustion." (Doc. 50 at 3.) *Fitzgerald*, however,

on which Patterson principally relies, did not involve a request for a *Rhines* stay, so the issue of exhaustion was not addressed.

*Cropper v. Thornell* and *Morris v. Thornell*, also cited by Patterson, likewise granted the parties' unopposed motions for a stay in the briefing of the habeas petition pending the Arizona Supreme Court's decision on remand in *Cruz*. *Cropper*, 19-CV-5618-PHX-GMS, Doc. 89 (D. Ariz. March 7, 2023); *Morris*, 17-CV-926-PHX-DCG, Doc. 77 (D. Ariz. March 8, 2023). In neither case did the petitioner seek a stay under *Rhines*, so the court did not consider the question of whether the petition was mixed.

### III. Conclusion

Patterson's habeas petition is not mixed. It contains neither unexhausted claims nor the *Simmons* claim for which Patterson seeks a stay. *Rhines* therefore does not apply, and Patterson's request for a stay is denied.

Accordingly,

**IT IS HEREBY ORDERED** denying Patterson's motion for a stay. (Doc. 46.)

Dated this 24th day of April, 2023.

Honorable John J. Tuchi
United States District Judge